**LEVI & KORSINKSY, LLP**
Adam M. Apton
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for Michael Budukiewicz and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HAMMOND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, HEATHER HOWLETT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., RBC CAPITAL MARKETS, LLC, BNP PARIBAS SECURITIES CORP., UBS SECURITIES LLC, BBVA SECURITIES INC., ING FINANCIAL MARKETS LLC, INTESA SANPAOLO S.P.A., SANTANDER US CAPITAL MARKETS LLC, UNICREDIT US CAPITAL MARKETS LLC, ACADEMY SECURITIES, INC, | Case No. 3:23-cv-20998-ZNQ-JBD <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MICHAEL BUDUKIEWICZ'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL** <br><br> **MOTION DATE: January 2, 2024** |

INDEPENDENCE POINT SECURITIES LLC, SAMUEL A. RAMIREZ & CO. INC., R. SEELAUS & CO., LLC, AND SIEBERT WILLIAMS SHANK & CO. LLC,

Defendants.

ROBERT JAMES AUTREY, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, and HEATHER HOWLETT,

Defendants.

Case No. 3:23-cv-22435-ZNQ-JBD

ii

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   STATEMENT OF FACTS....................................................................3

III.  ARGUMENT.........................................................................................6

   A. The PSLRA Standard for Appointing Lead Plaintiff ......................6

   B. Movant is the "Most Adequate Plaintiff" under the Exchange Act ................8

      1. Movant is Willing to Serve as Class Representative .................9

      2. Movant has the Largest Financial Interest in the Relief Sought by the Class.................................................................................9

   C. Movant is Qualified Under Rule 23 ..............................................11

      1. Movant's Claims are Typical of the Claims of the Class.........13

      2. Movant Will Fairly and Adequately Represent the Class' Interests........13

   D. Approving Movant's Choice of Counsel is Appropriate................15

IV.   CONCLUSION....................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.,*
  264 F.3d 201 (3d Cir. 2001) ...................................................................... 10, 12

*Ferrari v. Impath, Inc.,*
  2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004)....................................6

*Johnson v. Celotex Corp.,*
  899 F.2d 1281 (2d Cir. 1990) ........................................................................6, 7

*Lax v. First Merch. Acceptance Corp.,*
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................10

*Martingano v. Am. Int'l Grp., Inc.,*
  Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11,
  2006) .................................................................................................................6

*In re Merck & Co., Inc. Securities,*
  No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) ............13

*In re Nice Sys. Sec. Litig.,*
  188 F.R.D. 206 (D.N.J. 1999)...........................................................................10

*In re Olsten Corp. Sec. Litig.,*
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ..................................................................10

*In re Opnext, Inc.,*
  No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008) ....... 10, 12

*In re PharmaPrint, Inc. Sec. Litig.,*
  No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002) ........13

*Sklar v. Amarin Corp. PLC,*
  Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248 (D.N.J. July
  29, 2014) ..................................................................................................... 10, 12

*Weltz v. Lee,*
  199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................6

iv

**Statutes**

15 U.S.C. § 77z-1 ............................................................................... *passim*

**Rules**

Fed. R. Civ. P. 23(a) ................................................................................ 12, 13

Fed. R. Civ. P. 42(a) ................................................................................. 6, 7

Michael Budukiewicz ("Movant"), by counsel, respectfully submits this Memorandum of Law pursuant to the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for entry of an order: (i) consolidating the above-captioned actions (the "Actions"); appointing Movant as Lead Plaintiff in the Actions; (iii) approving Movant's selection of the law firm of Levi & Korsinksy, LLP ("L&K") to serve as Lead Counsel under 15 U.S.C. § 77z-1(a)(3)(B)(v); and (iv) granting such other and further relief as the Court may deem just and proper.

## I.    INTRODUCTION

The Actions are brought pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§77k, 77l(a)(2) and 77o, on behalf of persons who purchased or otherwise acquired Kenvue Inc. ("Kenvue" or the "Company") securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Kenvue's initial public offering (the "IPO" or "Offering") against: Kenvue, Johnson & Johnson ("Johnson & Johnson" or "J&J"), Thibaut Mongon ("Mongon"), Paul Ruh ("Ruh"), Heather Howlett ("Howlett"), Goldman Sachs & Co. LLC ("Goldman Sachs"), J.P. Morgan Securities LLC ("J.P. Morgan"), BofA Securities, Inc. ("BofA Securities"), Citigroup Global Markets Inc. ("Citigroup"), Deutsche Bank Securities Inc. ("Deutsche Bank"), HSBC Securities (USA) Inc.

("HSBC"), RBC Capital Markets, LLC ("RBC Capital Markets" or "RBC"), BNP Paribas Securities Corp. ("BNP Paribas"), UBS Securities LLC ("UBS"), BBVA Securities Inc. ("BBVA"), ING Financial Markets LLC ("ING"), Intesa Sanpaolo S.p.A. ("IMI"), Santander US Capital Markets LLC ("Santander"), Unicredit US Capital Markets LLC ("UniCredit"), Academy Securities, Inc. ("Academy"), Independence Point Securities LLC ("Independence Point"), Samuel A. Ramirez & Co. Inc. ("Ramirez"), R. Seelaus & Co., LLC ("R. Seelaus"), and Siebert Williams Shank & Co. LLC ("SWS"), (collectively, "Defendants").

Pursuant to the PSLRA, this Court must appoint the member of the class "most capable of adequately representing the interests of class members" to serve as lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(i). Movant believes he is entitled to appointment as Lead Plaintiff as the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure. Pursuant and/or traceable to the IPO, Movant sustained approximately $4,271.80 in losses as a result of purchasing Kenvue securities at artificially inflated prices.[1] Movant also respectfully requests that the Court approve L&K as Lead

---

[1] *See* Declaration of Adam M. Apton in Support of Movant's Motion for Consolidation of the Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel, dated December 8, 2023 ("Apton Decl."), Ex. A (Movant's PSLRA certification); Ex. B (Movant's loss charts).

Counsel. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").

## II.   STATEMENT OF FACTS[2]

Kenvue describes itself as "the world's largest pure-play consumer health company by revenue with $15.0 billion in net sales in 2022. We combine the power of science with meaningful human insights and digital-first capabilities, which we believe empowers approximately 1.2 billion people to live healthier lives every day. Our differentiated portfolio of iconic brands—including Tylenol, Neutrogena, Listerine, Johnson's, Band-Aid, Aveeno, Zyrtec and Nicorette—is built for moments that uniquely matter to our consumers and, we believe, drives positive health outcomes around the world." ¶ 10.

On or about January 4, 2023, Kenvue filed with the SEC a Registration Statement on Form S-1, which in combination with subsequent amendments on Form S-1/A (the "Amended Registration Statement") and filed pursuant to Rule 424(b)(4), would be used for the IPO. ¶ 47.

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Hammond* Complaint") filed in the action entitled *Hammond v. Kenvue Inc., et al.*, Case No. 3:23-cv-20998-ZNQ-JBD (the "*Hammond* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Hammond* Complaint. The facts set forth in the *Hammond* Complaint are incorporated herein by reference.

The Company filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus") on May 3, 2023, which forms part of the Registration Statement. ¶ 48. In the IPO, Kenvue sold approximately 198,734,444 shares of its common stock at $22.00 per share, including the Underwriter Defendants' full exercise of their option to purchase 25,921,884 shares to cover over-allotments. *Id.*

The statements referenced in ¶¶ 51, 53 in the *Hammond* Complaint were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results. ¶ 55. Specifically, the Registration Statement contained false and/or misleading statements and/or failed to disclose that: (1) Kenvue faces potential headwinds as a result of confirmed concerns about the efficacy of phenylephrine, which it knew or should have known; (2) Kenvue did not discuss risks relating to the efficacy of phenylephrine (or "PE") in its IPO, the utility of which had been questioned since at least 2007; (3) while the Company disclosed risks relating to litigation, it did not disclose specific risk relating to potential litigation arising from adverse findings on the efficacy of phenylephrine; and (4) as a result, Defendants' public statements were materially false and misleading at all relevant times and negligently prepared. *Id.*

The FDA published its Findings on or around September 12, 2023. ¶ 56. In the Findings, the FDA stated that it was convening an advisory committee to

"discuss the adequacy of efficacy data available for orally administered phenylephrine as a nasal decongestant and whether the oral nasal decongestants phenylephrine hydrochloride and phenylephrine bitartrate should be reclassified as not Generally Recognized as Safe and Effective (GRASE) due to lack of efficacy." *Id.*

Maria Coyle, the chairwoman of the panel and an associate professor of pharmacy at Ohio State University, was later quoted by the *New York Times* as stating "***I think we clearly have better options in over-the-counter space to help our patients, and the studies do not support that this is an effective drug.***" (Emphasis added). ¶ 63.

In response to the news that PE is not effective, Kenvue stock declined by 4.58%, or $1.01 per share, to close at $21.06 on September 12, 2021, from a prior closing price of $22.07 on September 11, 2021. ¶ 64.

## III.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Hammond* Action against the Defendants. Plaintiff James Hammond ("Hammond") commenced the first-filed action on October 9, 2023. On that same day, counsel acting on Hammond's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Apton Decl., Ex. C ("Press Release").

On November 16, 2023, a substantially similar action was filed against

5

Kenvue in this Court, entitled *Autrey v. Kenvue Inc., et al.*, Case No. 3:23-cv-22435-ZNQ-JBD (the "*Autrey* Action"). Movant has requested consolidation of the *Hammond* and *Autrey* Actions.

## IV.    ARGUMENT

### A.    Consolidation of the Actions Is Appropriate

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 77z-1(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts

6

have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### B.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(1); *see* 15 U.S.C. § 77z-1(3)(B). Specifically, within 20 days after the date on which a class action is filed, the plaintiff shall cause to be published, in a widely

circulated national business-oriented publication or wire service, a notice advising

members of the purported plaintiff class –

> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiff or

purported class members to serve as Lead Plaintiff in response to any such notice

within 90 days after the date of publication of the notice. 15 U.S.C. § 77z-1(a)(3)(B).

Under the Securities Act, the Court "shall" appoint the "most adequate plaintiff,"

and is to presume that plaintiff is the person which:

> (aa)    has either filed the complaint or made a motion in response to a notice . . .;

> (bb)    in the determination of the court, has the largest financial interest in the relief  sought by the class; and

> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).

**C.    Movant is the "Most Adequate Plaintiff" under the Securities Act**

Movant respectfully submits that he is the "most adequate plaintiff" because

he has complied with the PSLRA procedural requirements, has the largest financial

8

interest of any movant, and satisfies Rule 23's typicality and adequacy requirements. Further, Movant has selected and retained counsel experienced in the prosecution of securities class actions to represent the proposed class. *See* Apton Decl., Ex. E (Firm Resumé of L&K). Accordingly, Movant satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff and, therefore, should be appointed Lead Plaintiff.

### 1.      Movant is Willing to Serve as Class Representative

On October 9, 2023, Plaintiff in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 27(a)(3)(A) of the Securities Act, which announced that a securities class action had been filed against Defendants and which advised putative class members that they have until December 8, 2023 to file a motion to seek appointment as a Lead Plaintiff in the Actions.[3] Movant has reviewed a complaint filed in the pending Actions and has timely filed this motion pursuant to the Notice.

### 2.      Movant has the Largest Financial Interest in the Relief Sought by the Class

Under the Securities Act, a rebuttable presumption exists whereby the movant with the largest financial interest in the litigation and who otherwise satisfies the

---

[3] The *Hammond* Action was filed in this Court on October 9, 2023. The following day, the Notice was published over *Business Wire*, a widely circulated national business-oriented wire service. *See* Apton Decl., Ex. C.

requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff to lead the action. 15 U.S.C. § 77z-1(a)(3)(B)(iii); *Sklar v. Amarin Corp. PLC*, Civil Action No. 13-cv-06663 (FLW)(TJB), 2014 WL 3748248, at *4 (D.N.J. July 29, 2014); *see also In re Opnext, Inc.*, No. 08cv-0920, 2008 U.S. Dist. LEXIS 60678 (D.N.J. Aug. 6, 2008). In determining the "largest financial interest" for purposes of lead plaintiff appointment, courts in the Third Circuit consider: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("[W]e agree with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiff during the class period; and (3) the approximate losses suffered by the plaintiff (citing *Lax v. First Merch. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997); In re Nice Sys. Sec. Litig., 188 F.R.D. 206, 217 (D.N.J. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (same)"); *see also Sklar*, 2014 WL 3748248, at *4.

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90-day period beginning on the date the information correcting the

misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the greater of the price they sold the shares or the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90-day period. 15 U.S.C. § 77z-1(e).

Pursuant and/or traceable to the IPO, Movant sustained losses in the amount of approximately $4,271.80 as a result of purchasing Kenvue securities at artificially inflated prices. *See* Apton Decl., Ex. B. Movant is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant. Therefore, Movant is presumptively entitled to appointment as the Lead Plaintiff.

### D.    Movant is Qualified Under Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

1) the class is so numerous that joinder of all members is impracticable;

2) there are questions of law or fact common to the class;

3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

11

4)      the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

For purposes of appointing lead plaintiff, the determination of whether the movants with the largest interest in the case otherwise satisfies Rule 23 "should be confined to determining whether the movant has made prima facie showing of typicality and adequacy." *Sklar*, 2014 WL 3748248, at *5 (citing *In re Cendant Corp. Litig.*, 264 F.3d at 262). The presumption that the movant with the largest financial interest is the most adequate plaintiff to lead the action may be rebutted only upon proof that the movant (1) will not fairly and adequately protect the interests of the class, or (2) are subject to unique defenses that render such movant incapable of adequately representing the class. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II), *In re Opnext, Inc.*, 2008 U.S. Dist. LEXIS 60678, at *7- 10; *see also Sklar*, 2014 WL 3748248, at *4.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff in the Actions.

### 1.   Movant's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, and (2) the claims are based on the same legal theory. *See In re Merck & Co., Inc. Securities*, No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at \*39-40 (D.N.J. Jan. 20, 2013), *In re PharmaPrint, Inc. Sec. Litig.*, No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at \*16 (D.N.J. April 17, 2002).

The claims asserted by Movant are based on the same legal theory and arise out of the same course of events as the other purported class members' claims. Movant purchased Kenvue securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and was damaged thereby. Thus, Movant satisfies the typicality requirement of Rule 23(a).

### 2.   Movant Will Fairly and Adequately Represent the Class' Interests

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). A movant can demonstrate adequacy by showing that "(a) the [movant's] attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the [movant] must not have interests antagonistic to those of the class." *In re PharmaPrint, Inc. Sec. Litig.*, 2002 U.S. Dist. LEXIS 19845, at \*16-17. Here, Movant's interests are clearly aligned with the

13

members of the proposed class. Not only is there no evidence of any antagonism between Movant's interests and those of the class, but Movant has a significant and compelling interest in prosecuting the Actions based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Actions. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. As detailed above, Movant's claims raise similar questions of law and fact as claims of the members of the class, and Movant's claims are typical of the members of the class. Further, Movant has demonstrated his adequacy and willingness to serve as and assume the responsibilities of a lead plaintiff, as reflected in the Movant's signed certification. *See* Apton Decl., Ex. A. Having suffered substantial losses, Movant will be a zealous advocate on behalf of the class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in securities for approximately 12 years. He resides in Palm City, Florida. Movant is a retired USPS Postal employee. Further, Movant has experience hiring and overseeing attorneys for real estate matters. *See* Apton Decl., Ex. D, Movant's Declaration in support of his motion.

In addition, Movant has selected L&K– counsel highly experienced in prosecuting securities class actions – to represent him. *See* Apton Decl., Ex. E. Thus, the close alignment of interests between Movant and other class members, and

14

Movant's strong desire to prosecute the Actions on behalf of the class, provide ample reason to grant Movant's motion for appointment as Lead Plaintiff in the Actions.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfy 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 77z-1(3)(B)(iii)(I), and should be appointed as such to lead the Actions.

**E.      Approving Movant's Choice of Counsel is Appropriate**

The Securities Act vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). Movant has retained L&K to file moving papers on his behalf seeking appointment as Lead Plaintiff, and to serve as Lead Counsel to pursue this litigation on behalf of Movant and the Class. L&K attorneys have extensive experience in the area of securities litigation and have successfully prosecuted numerous securities class actions on behalf of injured investors, both separately, and together. *See* Apton Decl., Ex. E.

**V.      CONCLUSION**

Movant has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Movant respectfully requests that the Court appoint him as

15

Lead Plaintiff, approve his selection of counsel, and grant such other relief as the

Court may deem just and proper.

Dated: December 8, 2023                     Respectfully submitted,

                                            **LEVI & KORSINSKY, LLP**

                                            */s/ Adam M. Apton*
                                            Adam M. Apton
                                            33 Whitehall Street, 17th Floor
                                            New York, NY 10004
                                            Tel.: (212) 363-7500
                                            Fax: (212) 363-7171
                                            Email: aapton@zlk.com

                                            *Counsel for Michael Budukiewicz and*
                                            *Proposed Lead Counsel for the Class*

16

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby certify that on December 8, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Adam M. Apton*
Adam M. Apton
