**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HAMMOND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, HEATHER HOWLETT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., RBC CAPITAL MARKETS, LLC, BNP PARIBAS SECURITIES CORP., UBS SECURITIES LLC, BBVA SECURITIES INC., ING FINANCIAL MARKETS LLC, INTESA SANPAOLO S.P.A., | No.: 3:23-cv-20998-ZNQ-JBD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF TEJBIR GREWAL TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: January 2, 2023** |

[Caption continues on next page.]

i

SANTANDER US CAPITAL MARKETS LLC, UNICREDIT US CAPITAL MARKETS LLC, ACADEMY SECURITIES, INC., INDEPENDENCE POINT SECURITIES LLC, SAMUEL A. RAMIREZ & CO. INC., R. SEELAUS & CO., LLC, AND SIEBERT WILLIAMS SHANK & CO. LLC,

Defendants.

|  |  |
|---|---|
| ROBERT JAMES AUTREY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, and HEATHER HOWLETT,<br><br>Defendants. | No.: 3:23-cv-22435-ZNQ-JBD<br><br>CLASS ACTION |

ii

# **TABLE OF CONTENTS**

BACKGROUND ....................................................................................1

ARGUMENT ........................................................................................6

   I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ......................6

   II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF......................7

     A.   MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE 8

     B.   MOVANT HAS THE LARGEST FINANCIAL INTEREST....................8

     C.   MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ....................................................9

     D.   MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS ........................................................................10

   III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED...11

CONCLUSION ...................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008)................................................................................9
*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)................................................................................9
*In re Vicuron Pharm., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ..........................................................................8, 9

**Statutes**

15 U.S.C. § 78u-4(a) ...........................................................................................passim

**Rules**

Fed. R. Civ. P. 23 ..............................................................................................7, 9
Fed. R. Civ. P. 23 ....................................................................................................9
Fed. R. Civ. P. 42 ....................................................................................................6

Movant Tejbir Grewal ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to pursuant to the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)    consolidating the related actions as they involve common questions of law and fact and consolidation would promote judicial economy;

(b)    appointing Movant as Lead Plaintiff for the Class of all persons or entities who purchased or otherwise acquired shares of Kenvue Inc. ("Kenvue" or the "Company") pursuant and/or traceable to the registration statement and prospectus (collectively, the "Registration Statement") issued in connection with Kenvue's May 2023 initial public offering (the "IPO" or "Offering"), seeking to pursue remedies under the Securities Act; and

(c)    approving Movant's selection of The Rosen Law Firm P.A. ("Rosen Law") as Lead Counsel.

## BACKGROUND

On October 9, 2023, Rosen Law filed an action against the Company and certain of its officers for violations under the Securities Act. That same day, an early notice, pursuant to the PSLRA, advising class members of, among other things, the

1

allegations and claims in the complaint and of their option to seek appointment as Lead Plaintiff was issued. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

On November 16, 2023, the later-filed action, *Autrey v. Kenvue Inc., et al.,* Case No. 3:23-cv-22435-ZNQ-JBD (D.N.J.), was filed, which alleges substantially similar claims under the Securities Act against many of the same defendants, including certain directors of the Company, underwriters of the Offering, and other companies.

Kenvue describes itself as "the world's largest pure-play consumer health company by revenue . . . combin[ing] the power of science with meaningful human insights and digital-first capabilities, which we believe empowers approximately 1.2 billion people to live healthier lives every day." Prior to the IPO, Kenvue was the consumer healthcare division of Johnson & Johnson ("Johnson & Johnson" or "J&J").

In November, 2021, J&J announced that it would spin off its consumer health division as a separate company, as a result of fundamental differences between J&J's other products and those of the consumer health division. As such, both the investing and general public were already largely familiar with many of Kenvue's products,

2

such as Sudafed PE, Benadryl Allergy Plus Congestion, and Tylenol Sinus + Headache, and relied on statements about the safety and efficacy of those products from J&J, as the prior owner of those brands and products.

On May 11, 2022, J&J announced that it had appointed Thibaut Mongon as the CEO Designate of Kenvue. On May 3, 2022, after the Registration Statement was declared effective, J&J and Kenvue (then still a wholly owned subsidiary of J&J) jointly announced on J&J's website that the price of the IPO would be $22 per share.

The complaints allege that the Registration Statement was negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and was not prepared in accordance with the rules and regulations governing its preparation. Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

In its risk disclosures, the Company stated that: "we believe our products are reliable, safe and effective when used for their intended purposes in accordance with label directions." This statement was materially false and misleading because it did not detail effectiveness issues with products containing phenylephrine ("PE"), which could ultimately lead to Company products which contain PE being taken off of store

3

shelves.

The Company also extolled the strength of its brands and their efficacy, but omitted any mention of PE by name, despite the fact that PE's efficacy had been questioned for well over a decade. For example, the prospectus contained the following statement on the full line of Tylenol products, which includes Tylenol products containing PE: "Studies sponsored by Johnson & Johnson Consumer Inc. and by third parties have shown that these products help relieve, among other things, headache and muscle pain, arthritis pain, sinus and nasal congestion, fever and pain with sleeplessness."

The statements referenced above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational, and financial results. Specifically, the Registration Statement contained false and/or misleading statements and/or failed to disclose that: (1) Kenvue faces potential headwinds as a result of confirmed concerns about the efficacy of PE, which it knew or should have known; (2) Kenvue did not discuss risks relating to the efficacy of PE in its IPO, the utility of which had been questioned since at least 2007; (3) while the Company disclosed risks relating to litigation, it did not disclose specific risk relating to potential litigation arising from adverse findings on the efficacy of phenylephrine; and (4) as a result, Defendants'

4

public statements were materially false and misleading at all relevant times and negligently prepared.

On or about September 12, 2023, the U.S. Food and Drug Administration ("FDA") released findings regarding the efficacy of oral PE. While there were no safety issues with orally administered PE, the FDA panel found that "orally administered PE is not effective as a nasal decongestant [. . .]." Maria Coyle, the chairwoman of the panel and an associate professor of pharmacy at Ohio State University, was later quoted by the New York Times as stating "I think we clearly have better options in over-the-counter space to help our patients, and the studies do not support that this is an effective drug."

On the news that PE is not effective, Kenvue stock declined by $1.01 per share, or 4.58%, to close at $21.06 on September 12, 2021, from a prior closing price of $22.07 on September 11, 2021. It has not gone above the $22.00 IPO price since.

Since the IPO, and as a result of the disclosure of material adverse facts omitted from Kenvue's Registration Statement, Kenvue's share price has fallen substantially below its IPO price, damaging Plaintiff and Class members. As of October 6, 2023, Kenvue's shares closed at $20.07, an 8.77% decline from the IPO price.

5

# ARGUMENT

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 77z-1(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging similar factual and legal grounds to support allegations of violations of the federal securities laws by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    <u>MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF</u>

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Securities Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

7

### A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the Class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group of persons that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant lost approximately $15,160 in connection with his purchases of Kenvue stock. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's stock. Accordingly, Movant satisfies

8

the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D.

9

42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the Class and his claims are typical of those of the members of the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by issuing false and misleading statements about the Company's business. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interests of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of

10

adequately representing the class.

15 U.S.C. 77z-1(a)(3)(B)(iii).

The presumption that Movant is the most adequate Lead Plaintiff is, therefore not subject to rebuttal. Movant lives in Fresno, California. He possesses a Master of Business Administration degree and has been investing for 15 years.

Movant's ability, and his desire, to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against him, that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## III.    **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class's claims, including commencing this action, reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been

11

appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the Class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff; (3) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 8, 2023                Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**

                                       /s/ Laurence M. Rosen
                                       Laurence M. Rosen LR-5733
                                       One Gateway Center, Suite 2600
                                       Newark, NJ 07102
                                       Telephone: (973) 313-1887
                                       Fax: (973) 833-0399
                                       lrosen@rosenlegal.com

                                       *[Proposed] Lead Counsel for Plaintiff and
                                       the Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Laurence M. Rosen
Laurence M. Rosen

14