POMERANTZ LLP
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com

*Counsel for Movant Amine Dehmani and Proposed Lead Counsel for the Class*

[Additional counsel on signature page.]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES HAMMOND, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, HEATHER HOWLETT, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, BOFA SECURITIES, INC., CITIGROUP GLOBAL MARKETS INC., DEUTSCHE BANK SECURITIES INC., HSBC SECURITIES (USA) INC., RBC CAPITAL MARKETS, LLC, BNP PARIBAS SECURITIES CORP., UBS SECURITIES LLC, BBVA SECURITIES INC., ING FINANCIAL MARKETS LLC, INTESA SANPAOLO S.P.A., | Case No. 3:23-cv-20998-ZNQ-JBD<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMINE DEHMANI FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>Motion Date: January 2, 2024 |

SANTANDER US CAPITAL MARKETS LLC, UNICREDIT US CAPITAL MARKETS LLC, ACADEMY SECURITIES, INC, INDEPENDENCE POINT SECURITIES LLC, SAMUEL A. RAMIREZ & CO. INC., R. SEELAUS & CO., LLC, AND SIEBERT WILLIAMS SHANK & CO. LLC,

    Defendants.

---

ROBERT JAMES AUTREY, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

    v.

KENVUE INC., JOHNSON & JOHNSON, THIBAUT MONGON, PAUL RUH, and HEATHER HOWLETT,

    Defendants.

Case No. 3:23-cv-22435-ZNQ-JBD

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................................1

STATEMENT OF FACTS ...........................................................................................................3

ARGUMENT................................................................................................................................4

      A.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES..................................................................................................................4

      B.     DEHMANI SHOULD BE APPOINTED LEAD PLAINTIFF .............................6

            1.     Dehmani Is Willing to Serve as Class Representative................................7

            2.     Dehmani Has the "Largest Financial Interest" ...........................................8

            3.     Dehmani Otherwise Satisfies the Requirements of Rule 23 .......................9

            4.     Dehmani Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ......................................................12

      C.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...................................................................................................................................13

CONCLUSION...........................................................................................................................14

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591, 625 (1997) ............................................................................................................11

*Baby Neal v. Casey*,
    43 F.3d 48, 55 (3d Cir. 1994) ....................................................................................................10

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ..................................................................................................5

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) ................................................................................................10, 11

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..................................................................................................4

*In re GE Sec. Litig.*,
    No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29,
    2009) ..............................................................................................................................................5

*In re Lucent Techs. Sec. Litig.*,
    194 F.R.D. 137 (D.N.J. 2000) ......................................................................................................9

*In re Molson Coors Brewing Co. Sec. Litig.*,
    233 F.R.D. 147 (D. Del. 2005) ...................................................................................................13

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ..................................................................................................4

*In re Vonage Initial Pub. Offering Secs. Litig.*,
    No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 6, 2007) ..............................11

*Johnson v. Celotex Corp.*,
    899 F.2d 1281, 1284 (2d Cir. 1990) .............................................................................................4

*Lax v. First Merchants Acceptance Corp.*,
    Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ........................8

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) .........................................................................................................4

*Patel v. Zoompass Holdings, Inc.*,
    No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017) .............................8

*Rubenstahl v. Philip Morris Int'l, Inc.*,
No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309 (D.N.J. Feb. 13, 2019) ...........................................................................................................................8

*Sklar v. Amarin Corp. PLC*,
Nos. 13-cv-06663 (FLW) (TJB) *et al.*, 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014)......................................................................................9, 10

*Smith v. Antares Pharma, Inc.*,
No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964 (D.N.J. July 27, 2018) ...........................................................................................................................8

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 ................................................. *passim*

**Rules**

Fed. R. Civ. P. 23 .................................................................................... *passim*

Fed. R. Civ. P. 42.....................................................................................1, 4

**Other Authorities**

*Manual for Complex Litigation (Third)* § 20.123 (1995) ...............................................4

Movant Amine Dehmani ("Dehmani") respectfully submits this Memorandum of Law in support of his motion, pursuant to Federal Rule of Civil Procedure 42 ("Rule 42") and Section 27(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) consolidating the above-captioned related actions ("Related Actions"); (2) appointing Dehmani as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons who purchased or otherwise acquired Kenvue Inc. ("Kenvue") securities pursuant and/or traceable to the registration statement and related prospectus (collectively, the "Registration Statement") issued in connection with Kenvue's initial public offering (the "IPO" or "Offering"); and (3) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

The Complaints in the Related Actions allege that the above-captioned defendants ("Defendants") defrauded investors in violation of the Securities Act. Kenvue investors, including Dehmani, incurred significant losses following the disclosure of the alleged fraud, which caused the prices of Kenvue securities to fall sharply, damaging Dehmani and other Kenvue investors.

Consolidation is appropriate under Rule 42(a) where actions involve common questions of law or fact. Here, the Related Actions are putative class actions alleging

1

violations of the federal securities laws by an overlapping group of defendants arising from substantially the same alleged wrongful misconduct. As such, the Related Actions involve common questions of both law *and* fact, and consolidation is plainly warranted.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Related Actions and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Pursuant and/or traceable to the IPO, Dehmani purchased 3,350.751 shares of Kenvue stock, expended $79,580 on his purchases, retained 3,350.751 of his shares of Kenvue stock, and, as a result of the disclosures of the fraud, incurred losses of approximately $7,137 in connection with his transactions in Kenvue securities. *See* Declaration of Thomas H. Przybylowski in Support of Motion ("Przybylowski Decl."), Exhibit ("Ex.") A. Accordingly, Dehmani believes that he has the largest financial interest in the relief sought in the Related Actions. Beyond his considerable financial interest, Dehmani also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his responsibilities as Lead Plaintiff and vigorously prosecute the Related Actions on behalf of the Class, Dehmani has selected Pomerantz as Lead

2

Counsel for the Class.  Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in the Related Actions.

Accordingly, Dehmani respectfully requests that the Court enter an order consolidating the Related Actions, appointing him as Lead Plaintiff for the Class, and approving his selection of Pomerantz as Lead Counsel for the Class.

**STATEMENT OF FACTS**

As alleged in the Complaints in the Related Actions, Kenvue was previously the consumer health division of Johnson & Johnson ("J&J"), and the IPO of that division as a standalone company was predicated on it and its products being viable.  However, the Registration Statement did not warn about the commercial viability of products containing phenylephrine ("phenylephrine" or "PE"), which was being investigated by the Food and Drug Administration (the "FDA") over the purported inefficacy of PE.  Soon after the IPO, an FDA panel unanimously voted to declare oral formulations of PE ineffective for relieving nasal congestion and published its findings in a document called "Efficacy of Oral Phenylephrine as a Nasal Decongestant".

In May 2023, Defendants held the IPO, offering approximately 171,812,560 shares of Kenvue common stock to the investing public at $22.00 per share.  The

3

Underwriter Defendants (defined below) had an option to purchase an additional 25,921,884 shares to cover over-allotments, which was exercised.

By the commencement of the first-filed of the Related Actions, Kenvue's shares traded below its IPO price. As a result, investors were damaged.

## ARGUMENT

### A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay, and overlap in adjudication: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a); *see also Manual for Complex Litigation (Third)* § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law **or** fact. *See* Fed. R. Civ. P. 42(a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same). Differences in causes of action, defendants, or the class period do not render

4

consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4-8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against overlapping defendants in connection with violations of the Securities Act arising from substantially the same alleged wrongful misconduct. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that Defendants issued materially false and misleading statements and omissions that artificially inflated the price of Kenvue's securities and subsequently damaged the Class when the Company's share price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *GE*, 2009 U.S. Dist. LEXIS 69133, at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

5

## B.      DEHMANI SHOULD BE APPOINTED LEAD PLAINTIFF

Dehmani should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Related Actions to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (i) the pendency of the action; and (ii) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 77z-1(a)(3)(A)(i).  In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 77z-1(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 77z-1(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

6

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I).

As set forth below, Dehmani satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Dehmani Is Willing to Serve as Class Representative

On October 9, 2023, counsel for plaintiff in the first-filed of the Related Actions caused the statutorily required Notice of that action to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed on behalf of investors in Kenvue securities, and which advised investors in Kenvue securities that they had until December 8, 2023—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Przybylowski Decl., Ex. B.

Dehmani has filed the instant motion pursuant to the Notice, and has attached a sworn Certification executed by him attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary.  *See id.*, Ex. C.  Accordingly, Dehmani satisfies the first requirement to serve as Lead Plaintiff of the Class.

## 2.    Dehmani Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 77z-1(a)(3)(B)(iii).

To the best of his knowledge, Dehmani has the largest financial interest of any Kenvue investor or investor group seeking to serve as Lead Plaintiff based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17-18 (N.D. Ill. Aug. 6, 1997).  These *Lax* factors have been adopted by courts nationwide, including in this Judicial District. *See, e.g.*, *Rubenstahl v. Philip Morris Int'l, Inc.*, No. 17-13504 (ES) (MAH), 2019 U.S. Dist. LEXIS 23309, at *5 (D.N.J. Feb. 13, 2019) (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001)); *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *4-5 (D.N.J. July 27, 2018); *Patel v. Zoompass Holdings, Inc.*, No. 17-3831 (JLL), 2017 U.S. Dist. LEXIS 153765, at *2-3 (D.N.J. Sept. 20, 2017).

Pursuant and/or traceable to the IPO, Dehmani: (i) purchased 3,350.751 shares of Kenvue stock; (ii) expended $79,580 on his purchases; (iii) retained 3,350.751 of his shares of Kenvue stock; and (iv) as a result of the disclosures of the fraud,

8

incurred losses of approximately $7,137 in connection with his transactions in Kenvue securities. *See* Przybylowski Decl., Ex. A. To the extent that Dehmani possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(bb).

### 3. Dehmani Otherwise Satisfies the Requirements of Rule 23

Section 27(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining that the Lead Plaintiff satisfies the requirements of Rule 23, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this stage of the litigation] and should be left for consideration of a motion for class certification." *In re Lucent Techs. Sec. Litig.*, 194 F.R.D. 137, 149 (D.N.J. 2000) (quoting *Fischler v. Amsouth Bancorp.*, No. 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997)); *see also Sklar v. Amarin Corp. PLC*, Nos. 13-cv-06663

9

(FLW) (TJB) *et al.*, 2014 U.S. Dist. LEXIS 103051, at *20 (D.N.J. July 29, 2014) (finding "only a preliminary showing of both typicality and adequacy is necessary"). Moreover, "[t]he Rule 23 inquiry focuses [only] on the 'typicality' and 'adequacy' requirements at this stage of the litigation." *Amarin*, 2014 U.S. Dist. LEXIS 103051, at *20.

The typicality requirement of Rule 23(a)(3) is satisfied where "the named plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory")).

Dehmani's claims are typical of those of the Class. Dehmani alleges, like other Class members, that Defendants violated the Securities Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or by omitting to state material facts necessary to make the statements they did make not misleading. Dehmani, like other Class members, purchased or otherwise acquired Kenvue securities pursuant and/or traceable to the IPO at prices alleged to have been artificially inflated by Defendants'

10

misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Kenvue's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

"In making the *prima facie* determination of adequacy, a court should consider whether the movant 'has the ability and incentive to represent the claims of the class vigorously, [whether the movant] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *In re Vonage Initial Pub. Offering Secs. Litig.*, No. 07-177 (FLW), 2007 U.S. Dist. LEXIS 66258, at *19 (D.N.J. Sept. 6, 2007) (quoting *Cendant*, 264 F.3d at 265); *see also Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent'" (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997))).

Dehmani is an adequate representative for the Class. As set forth in greater detail below, Dehmani has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as these Related Actions, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v). In addition to Pomerantz, Dehmani

11

is also represented by the Portnoy Law Firm in this litigation. There is no evidence of antagonism or conflict between Dehmani's interests and those of the Class. Moreover, Dehmani has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Przybylowski Decl., Ex. C), and his significant financial interest in the Related Actions demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Dehmani has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See id.*, Ex. D.

### 4. Dehmani Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Dehmani as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)  will not fairly and adequately protect the interest of the class; or

(bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

Dehmani's ability and desire to fairly and adequately represent the Class has been discussed above. Dehmani is not aware of any unique defenses Defendants

12

could raise that would render him inadequate to represent the Class. Accordingly, Dehmani should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 150 (D. Del. 2005) ("Once the lead plaintiff is chosen, that party is primarily responsible for selecting lead counsel."). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Here, Dehmani has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Przybylowski Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and

13

the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id*.

As a result of its extensive experience in litigation involving issues similar to those raised in the Related Actions, Dehmani's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute these Related Actions effectively and expeditiously. Thus, the Court may be assured that by approving Dehmani's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Dehmani respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Dehmani as Lead Plaintiff for the Class; and (3) approving Dehmani's selection of Pomerantz as Lead Counsel for the Class.

Dated:  December 8, 2023                    Respectfully submitted,

                                            POMERANTZ LLP

                                            */s/ Thomas H. Przybylowski*
                                            Thomas H. Przybylowski

14

Jeremy A. Lieberman
(*pro hac vice* application forthcoming)
J. Alexander Hood II
(*pro hac vice* application forthcoming)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
tprzybylowski@pomlaw.com
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Movant Amine Dehmani and Proposed Lead Counsel for the Class*

PORTNOY LAW FIRM
Lesley F. Portnoy, Esq.
(*pro hac vice* application forthcoming)
1800 Century Park East, Suite 600
Los Angeles, California 90067
Telephone: (310) 692-8883
lesley@portnoylaw.com

*Additional Counsel for Amine Dehmani*

15