<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE KENVUE INC. SECURITIES LITIGATION** | Civil Action No. 23-20998 (ZNQ) (JBD) |
| This Document Relates to ALL CASES | OPINION |

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court upon a Motion for Reconsideration ("ECF No. 100) filed on April 7, 2025 by Defendant Kenvue Inc. ("Kenvue"), Defendants Thibaut Mongon, Paul Ruh, Heather Howlett, Larry Merlo, Richard E. Allison, Jr., Peter M. Fasolo, Tamara S. Franklin, Seemantini Godbole, Melanie L. Healey, Betsy D. Holden, Vasant Prabhu, Michael E. Sneed, and Joseph J. Wolk, Defendant Johnson & Johnson, and Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, BofA Securities Inc., Citigroup Global Markets Inc., Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., RBC Capital Markets LLC, BNP Paribas Securities Corp., UBS Securities LLC, BBVA Securities Inc., ING Financial Markets LLC, Intesa Sanpaolo S.p.A., Santander US Capital Markets LLC, UniCredit Capital Markets LLC, Academy Securities, Inc., Independence Point Securities LLC, Samuel A. Ramirez & Co. Inc., R. Seelaus & Co. LLC and Siebert Williams Shank & Co. LLC (collectively, "Defendants"). In support of the Motion, Defendants filed a Brief. ("Moving Br.", ECF No. 100-1.) Lead Plaintiffs Joseph Ditta and David Gruthoff (collectively, "Plaintiffs"), filed an Opposition to the Motion ("Opp.," ECF

No. 104), and Defendants filed a request for leave to file a Reply (ECF No. 106.)[1] The Court has carefully considered all of the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **DENY** Defendants' Motion.

I. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

The Court discussed the background of this case in *In re Kenvue Inc. Secs. Litig.*, Civ. No. 23-20998, 2025 WL 889640, at *2–5 (D.N.J. Mar. 24, 2025) and incorporates those facts here. Given the parties' familiarity with the case, there is no need to repeat the background or procedural history. Nonetheless, the Court will provide a brief recitation of the allegations for context.

Kenvue was a company under the umbrella of J&J devoted to consumer healthcare. (Am. Compl. ¶ 4, ECF No. 38.) In November 2021, J&J announced its intention to spinoff Kenvue. (*Id.*) After the spinoff, Kenvue announced an IPO, which closed on May 8, 2023. (*Id.* ¶ 73.) Following the closing of the IPO, J&J continued to own an overwhelming majority of Kenvue shares. (*Id.* ¶ 5.) In July 2023, Kenvue and J&J announced an exchange offer under which J&J shareholders could exchange shares of their stock for shares of Kenvue at a discounted price (the "Exchange Offer"). (*Id.*) J&J ultimately exchanged over 1.5 million shares of Kenvue common stock, which represented 80.1 percent of Kenvue's outstanding stock. (*Id.*)

Kenvue markets and sells numerous over-the-counter nasal decongestants that contain the ingredient Phenylephrine ("PE"). (*Id.* ¶¶ 84–85.) In September 2023, the Food and Drug administration ("FDA") unanimously voted at a Nonprescription Drug Advisory Committee ("NDAC") meeting that current scientific data did not support a conclusion that oral PE was effective as a nasal decongestant. (*Id.* ¶¶ 12–13.) After the NDAC vote, Kenvue's share price fell

---

[1] The Court will **GRANT** Defendants' request to file a Reply. Accordingly, the Court considers the arguments made by Defendants in their proposed Reply as a part of this Opinion.

by $1.01 per share, and since September 12, 2021, Kenvue's shares have not gone above the $22.00 IPO price. (*Id.* ¶ 15.) Plaintiffs then brought this lawsuit, alleging that the registration statements and prospectuses filed by Kenvue in connection with its IPO and Exchange Offer failed to disclose the material risks that Kenvue was facing with respect to the pending regulatory proceedings before the FDA and NDAC meeting. (*Id.* ¶ 14.) As alleged, Defendants failed to inform investors of the adverse facts related to the evidence suggesting that PE was ineffective. (*Id.*)

On March 24, 2025, the Court denied a Motion to Dismiss filed by Defendants. (ECF No. 96.) Following the Court's Order, Defendants filed the Motion for Reconsideration, arguing that the Court's Opinion (ECF No. 95) did not apply the materiality test or holding in the Third Circuit's *In re Ocugen, Inc. Sec. Litig.* opinion. (Moving Br. at 2.) In the alternative, Defendants argue that the Court should certify three issues for an interlocutory appeal. (*Id.* at 8.)

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over these matters pursuant to 28 U.S.C. § 1331.

## III. LEGAL STANDARD

### A. MOTION FOR RECONSIDERATION

Reconsideration is an "extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1958)). Accordingly, a motion for reconsideration must rely on one of the following three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to

3

prevent manifest injustice." *Id.* (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). To demonstrate a clear error, a party must do more than allege that portions of a ruling were erroneous in order to obtain reconsideration of that ruling; it must demonstrate that the holdings on which it bases its request (1) were without support in the record, or (2) would result in manifest injustice if not addressed. *See Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). Importantly, courts will entertain motions for reconsideration "[o]nly where the court has overlooked matters that, if considered by the court, might reasonably have resulted in a different conclusion." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Mere "disagreement with the Court's decision" is also insufficient. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

### B. INTERLOCUTORY APPEAL

Generally, a matter may not be appealed to the Third Circuit until a final judgment has been rendered. *See Kaplan v. Saint Peter's Healthcare Sys.*, Civ. No. 13-2941, 2014 WL 4678059, at *2 (D.N.J. Sept. 19, 2014). An interlocutory appeal, however, may be proper in "exceptional cases" where forgoing the normal procedure of appealing after final judgment is appropriate. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Thus, under § 1292(b), the Court may exercise its discretion in certifying an order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 632–33 (D.N.J. 2014). But even if all three criteria are met, certification is not mandatory, rather, it is "wholly discretionary." *Juice Ent., LLC v. Live Nation Ent., Inc.*, 353 F. Supp. 3d 309, 312 (D.N.J. 2018) (citation omitted). The burden to demonstrate that certification is proper lies with the

moving party. *See Kapossy v. McGraw-Hill Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). And, importantly, "[i]n evaluating these factors, . . . '[a] motion [for certification] should not be granted merely because a party disagrees with the ruling of the district judge.'" *Id.* (citation omitted).

## IV. DISCUSSION

### A. MOTION FOR RECONSIDERATION

Defendants do not assert that there has been "an intervening change in controlling law" or that there is "new evidence that was not available when" the Court decided Defendants' Motion to Dismiss. Rather, Defendants assert that the Court should reconsider its prior opinion "to correct a clear error of law or fact or to prevent manifest injustice." (Moving Br. at 2.) Specifically, Defendants argue the Court should reconsider its prior Opinion for three reasons: (1) the Third Circuit's holding in *Ocugen* requires dismissal of the Amended Complaint; (2) the Opinion conflicts with FDA regulations and an MDL decision from the Eastern District of New York; and (3) the Opinion conflicts with the Supreme Court's decision in *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175 (2015). For the reasons that follow, the Court finds that Defendants fail to meet the standard for the extraordinary remedy of reconsideration.

First, Defendants argue that "[t]he Opinion did not apply *Ocugen's* materiality test or holding to the information omitted from Defendants' statements." (Moving Br. at 2.) But the Court *did* apply the Third Circuit's test for materiality in its prior Opinion. (ECF No. 95 at 16–17.) Defendants' disagreement with the Court's decision about the materiality of their omissions is not a basis for reconsideration. *See Leja*, 743 F. Supp. 2d at 456. Moreover, the Court explicitly addressed the *Ocugen* decision and distinguished the facts of that case from the facts in this case. (ECF No. 95 at 21 n.12.) Defendants' argument that the Court only addressed whether the statements were "misleading" and not whether the statements were "material" is similarly not

5

persuasive. (Moving Br. at 2–3.) The Court explicitly stated that the omitted information would "have been important to a reasonable investor," which is the materiality standard established in the Supreme Court's *Omnicare* decision. (ECF No. 95 at 21); *see also Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 196 (2015) ("[T]he court must determine whether the omitted fact would have been material to a reasonable investor—*i.e.,* whether there is a substantial likelihood that a reasonable [investor] would consider it important."). Defendants' arguments regarding the Court's *Omnicare* analysis fail for similar reasons.

Second, Defendants argue that the Court's Opinion conflicts with the PE MDL court and the FDA's labeling requirement. (Moving Br. at 4.) Regarding the PE MDL, that decision is not binding on this Court and is accordingly insufficient to meet the high standard required for reconsideration. *See Van v. Atl. Health Sys.*, Civ. No. 17-4254, 2019 WL 449199, at *2 (D.N.J. Feb. 5, 2019) (denying motion for reconsideration that was based on non-binding precedent).

Nor is the Court persuaded that its Opinion conflicts with the FDA's labeling requirement. According to Defendants, the FDA requires PE to be labeled as "effective" and the Court's Opinion conflicts with the FDA's requirements because it held those statements were actionable under the securities laws. (Moving Br. at 5.) But the Court did not find that Defendants statements were actionable because they labeled PE as "effective." Rather, the Court found Defendants statements were actionable because, in the context of this case, they failed to disclose studies that concluded PE was not safe or effective. (ECF No. 95 at 20–21.) As the Court previously stated, Defendants were not required to disclose every study about PE, but they were required to disclose at least some "evidence that PE was not generally safe and effective as a nasal decongestant." (ECF No. 95 at 20.) Accordingly, the Court will **DENY** Defendants' Motion for Reconsideration.

### B.  INTERLOCUTORY APPEAL

Defendants alternatively requested the Court to certify three issues for appeal:

1. Whether *Ocugen's* materiality standard applies and demands treating information published by the FDA as available to reasonable investors.

2. Whether statements that are not misleading under the federal food and drug laws can be misleading under the federal securities law.

3. Whether opinions of safety or efficacy must disclose any contrary study.

(Moving Br. at 8.)  Under § 1292(b), a district court may certify an order for interlocutory appeal if the order (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Certification of an interlocutory appeal is appropriate, according to Defendants, because "there are substantial grounds for differences of opinion about these questions" and "resolution by the Third Circuit now would terminate the litigation and avoid expensive and time-consuming discovery and class certification proceedings." (Moving Br. at 8.)  The Court will address each of these issues below.

1. *Ocugen's* Materiality Standard

Defendants first issue, whether *Ocugen's* materiality standard applies, does not "involve a controlling question of law." Rather, the Court applied the Third Circuit's test for materiality to the facts of this case, and it is well established that "[m]ateriality is a mixed question of law and fact." *Weiner v. Quaker Oats Co.*, 129 F.3d 310, 317 (3d Cir. 1997) (citation modified).  Because "questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)," Defendants have failed to demonstrate that an interlocutory appeal is appropriate. *In re Direct Purchaser Insulin Pricing*

*Litig.*, Civ. No. 20-3426, 2023 WL 3431213, at *4 (D.N.J. May 12, 2023); *see also Johnson v. Nat'l Collegiate Athletic Ass'n,* 108 F.4th 163, 183 n.1 (3d Cir. 2024) (Porter, J., concurring) (collecting cases from eight other circuits that limit 28 U.S.C. § 1292 to pure questions of law). Moreover, there is not a substantial ground for difference of opinion with respect to the Third Circuit's materiality standard. While Defendants may disagree with the application of the facts of this case to the materiality standard, that "is insufficient to find substantial ground for difference of opinion." *In re Direct Purchaser Insulin Pricing Litig.*, 2023 WL 3431213, at *5 (citation omitted). Accordingly, the Court will not certify this issue for an interlocutory appeal.

### 2. Statements Under Federal Food and Drug Laws

Defendants' Motion also seeks to certify the issue of "[w]hether statements that are not misleading under the federal food and drug laws can be misleading under the federal securities laws." (Moving Br. at 8.) This issue fails for similar reasons. As discussed, whether Defendants' statements were misleading was a mixed question of law and fact that does not meet the standard for certifying an interlocutory appeal. *See In re Direct Purchaser Insulin Pricing Litig.*, 2023 WL 3431213, at *4. Nor does this issue raise substantial grounds for a difference of opinion. *Id.* at *5. Accordingly, the Court will not certify this issue for appeal.

### 3. Disclosure of Contrary Studies

Lastly, Defendants' Motion seeks to certify "[w]hether opinions of safety or efficacy must disclose any contrary study." (Moving Br. at 8.) This issue mischaracterizes the Court's prior ruling. Instead, the Court previously found that in the specific facts of this case, Defendants omission of evidence that PE was not generally safe or effective as a nasal decongestant was materially misleading. (ECF No. 95 at 20.) Like Defendants' other two issues, a disagreement with the Court's application of the materiality standard to the facts of this case are insufficient to

8

meet the standard under § 1292(b). Accordingly, the Court will also decline to certify this issue for appeal.

## V.     CONCLUSION

For the reasons stated above, the Court will **DENY** Defendants' Motion. An appropriate Order will follow.

Date: **November 4, 2025**

                                                s/ Zahid N. Quraishi
                                                **ZAHID N. QURAISHI**
                                                **UNITED STATES DISTRICT JUDGE**