# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE KENVUE INC. SECURITIES LITIGATION | Civil Action No. 3:23-cv-20998-ZNQ-JBD |
| | Hon. J. Brendan Day |
| This Document Relates To: ALL CASES | **CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.    Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other Confidential business information, or (b) that contains private or Confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.    Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely

1

to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

3.      All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Confidential and Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

2

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action)

(b)     Relevant in-house counsel for the parties;

(c)     Outside attorneys, experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)     Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical

3

employees whose duties and responsibilities require access to such materials;

(g)    Any mediators or arbitrators selected to assist in resolution of this matter, and their personnel actively engaged in assisting them, if they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(h)    The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the prosecution or defense of this lawsuit;

(i)    To such other persons as counsel for the producing party agrees or as ordered by the Court; and

(j)    The Court and court personnel.

5.    Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.    Attorneys' Eyes Only material and the contents of Attorneys' Eyes Only material may be disclosed only to the following individuals under the following conditions:

(a)    Outside counsel (herein defined as any attorney at the parties'

4

outside law firms, which firms have appeared in the action);

(b)    In-house counsel who are necessary for the prosecution or defense of the action;

(c)    Outside attorneys, experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)    Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(f)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(g)    Any mediators or arbitrators selected to assist in resolution of this

5

matter, and their personnel actively engaged in assisting them, if they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(h)    To such other persons as counsel for the producing party agrees or as ordered by the Court; and

(i)    The Court and court personnel.

7.    Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.    No third-party litigation funder shall have access to, or be provided with, any documents produced in this litigation, except as expressly authorized by the Court or by written agreement of the producing party. For purposes of this provision, a "third-party litigation funder" means any person or entity that has a contractual or financial interest in the outcome of this litigation and is not otherwise allowed access to these materials pursuant to Paragraphs 4 or 6. This term includes, without limitation, entities or individuals engaged in the business of litigation financing, and their respective employees, agents, and consultants, whether foreign or domestic.

9.      With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, during the deposition, or within 5 days thereafter, and may have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f), (g), (i), and (j), for Confidential material, or Paragraph 6(a), (b), (c), (d), (f), (g), (h), and (i), for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d), (f), (g), (i), and (j), for Confidential material, or Paragraph 6(a), (b), (c), (d), (f), (g), (h), and (i), for Attorneys' Eyes Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively. Individuals other than individuals described in Paragraph 4 that attend a deposition may be

7

excluded from the portions of the deposition during which Confidential or Attorneys' Eyes Only material is disclosed, and individuals other than individuals described in Paragraph 6 may be excluded from the portions of the deposition during which Attorneys' Eyes Only material is disclosed.

10.     If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)     Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)     If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present

8

the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

11.    Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

12.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only material, it may do so only after giving notice to the producing party and as directed by the Court.

13.    Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

14.    To reduce the likelihood of a data breach, each party and its outside counsel shall take reasonable precautions in the transfer, storage, and handling of Confidential and Attorneys' Eyes Only material. Reasonable precautions shall include, at a minimum, the use of secure file transfer methods and password protection and/or encryption for electronic transmission or storage of such material. Confidential and Attorneys' Eyes Only material may be taken out of password

9

protection and/or encryption for use in depositions, court filings and trial.

15.    The inadvertent or unintentional disclosure of Confidential or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Attorneys' Eyes Only material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Confidentiality Order.

16.    No documents, data, or information (other than individual words or individual multi-word terms or acronyms standing alone) produced by a producing party, that is otherwise not publicly available, may be input into any public internet search engine, into any public, non-compartmentalized generative Artificial Intelligence (as defined in Paragraph 18), or into any online language translation tool by any receiving party. For the avoidance of doubt, this paragraph does not prohibit the parties from using any public internet search engine or any public, non-

compartmentalized generative artificial intelligence (e.g. ChatGPT, Google Gemini, etc.) for purposes of ascertaining the meanings or context of any individual words, terms, or acronyms contained in discovery material produced in connection with this action.

17. Documents produced in this litigation shall be used for purposes of this litigation only, and shall be maintained in a distinct workspace, separate from any other documents, including those produced by a producing party in a separate litigation. A receiving party may not co-mingle any Confidential material with materials from any other litigation or matter. A receiving party may not use any form of Artificial Intelligence on any Confidential material, unless the Confidential material analyzed is limited to data from producing parties in this litigation. The obligations and restrictions of this paragraph apply even where the data or the Confidential material has been anonymized.

18. "Artificial Intelligence" means any system (including computer systems, algorithms, machine learning, and natural language processing) designed to or capable of simulating or approximating human-level intelligence in the performance of designated tasks, such as document review, coding, summarization, and text generation. Artificial Intelligence includes models, APIs, applications, and services such as GPT by Open AI, Gemini by Google, Bing and Copilot by Microsoft, Claude by Anthropic, Titan and Bedrock by Amazon, and any other proprietary or open-source alternatives, as well as any products and services making

11

use of such technology. It includes both narrow AI, which focuses on specific tasks, and general AI, which possesses human-level intelligence across a broad range of domains. This definition is intended to recognize AI's current capabilities, while encompassing and including future advancements, even if not specifically identified or described herein.

19. The production of any information, document, or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to make Federal Rule of Evidence 502(b) inapplicable to any disclosure of privileged information except for as otherwise provided below, and to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and the parties' Stipulated Protocol for Discovery of Electronically Stored Information. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection. Federal Rule of Evidence 502(b), rather than

12

502(d), shall be deemed to apply to the disclosure of privileged document if the Producing Party does not provide notice pursuant to this Paragraph within 14 days after that document is marked as a deposition or mediation exhibit, or filed with the Court (except for the purposes of challenging a claim of attorney-client privilege or work product protection) in this action by any party.

20.    Nothing in this Order overrides any attorney's existing ethical responsibilities regarding the handling of privileged or confidential materials.

21.    If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

22.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a

13

party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential or Attorneys' Eyes Only material under this Confidentiality Order.

23.    This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

24.    This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

25.    Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all material bearing Confidential or Attorneys' Eyes Only notations or to destroy all copies of such materials, including such Confidential or Attorneys' Eyes Only material that bears the notations, summations, or other mental impressions of the receiving party; provided, however, that counsel may retain complete copies of all deposition and Court transcripts,  Court filings, mediation briefs,  including  any  exhibits  attached  thereto,  and  all  attorney  email communications and work product, for archival purposes, subject to the provisions of this Confidentiality Order. Each party or other individual subject to the terms

hereof shall, within 30 days of the final conclusion of this litigation, verify in writing that all materials were destroyed or returned as requested. To the extent a party requests the return of Confidential or Attorneys' Eyes Only material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED** this 4th day of March, 2026.

J. BRENDAN DAY
UNITED STATES MAGISTRATE JUDGE

/s/ James E. Cecchi

**CARELLA, BYRNE, CECCHI, BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
Kevin G. Cooper
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
jcecchi@carellabyrne.com

*Liaison Counsel for the Class*

**GLANCY PRONGAY WOLKE & ROTTER LLP**
Kara M. Wolke (*pro hac vice*)
Leanne H. Solish (*pro hac vice*)
Christopher R. Fallon (*pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: info@glancylaw.com

/s/ David R. Kott, Esq.

**McCARTER & ENGLISH, LLP**
David R. Kott, Esq.
Joseph G. Braunreuther, Esq.
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
(973) 622-4444
dkott@mccarter.com
jbraunreuther@mccarter.com

*Counsel for Kenvue, the Individual Defendants, and Johnson & Johnson*

**SIDLEY AUSTIN LLP**
Kristen R. Seeger (*pro hac vice*)
John M. Skakun III (*pro hac vice*)
Maseeh Moradi (*pro hac vice*)
One South Dearborn Chicago, IL 60603
(312) 853-7000
kseeger@sidley.com

15

*Lead Counsel for Plaintiffs and the Proposed Class*

jskakun@sidley.com
mmoradi@sidley.com

*Counsel for Kenvue, the Individual Defendants, and Johnson & Johnson*

*and*

/s/ Eric D. Stolze, Esq.

**PAUL HASTINGS LLP**
Jane Yoon, Esq.
Barry G. Sher, Esq. (*pro hac vice*)
Jennifer L. Conn, Esq. (*pro hac vice*)
200 Park Avenue
New York, NY 10166
(212) 318-6000
janeyoon@paulhastings.com
barrysher@paulhastings.com
jenniferconn@paulhastings.com

Eric D. Stolze, Esq. (*pro hac vice*)
1197 Peachtree Street N.E.
Suite 200
Atlanta, GA 30361
(404) 815-2400
ericstolze@paulhastings.com

*Counsel for the Underwriter Defendants*

16

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re KENVUE INC. SECURITIES LITIGATION<br><br>This Document Relates To: ALL CASES | Civil Action No. 3:23-cv-20998-ZNQ-JBD<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and the address of my present employment is _____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential or Attorneys' Eyes Only material disclosed to me.

6. I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

7. No later than 30 days after the final conclusion of the case, I will return or destroy all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____   _____[Name]